OPINION
{¶ 1} Ronald M. Leslie appeals from the trial court's judgment entry designating him a sexual predator.
 {¶ 2} Leslie advances two assignments of error on appeal. First, he contends the record contains insufficient evidence to support a sexual predator designation. Second, he argues that the trial court's sexual predator determination is against the manifest weight of the evidence.
 {¶ 3} The record reflects that Leslie pled no contest to two counts of rape of a child under age thirteen in exchange for the State's agreement to recommend concurrent sentences and not to seek additional charges. Following a plea hearing, the trial court accepted the no contest pleas and found Leslie guilty. Thereafter, the trial court conducted a sentencing and sexual predator designation hearing. At the conclusion of that hearing, the trial court sentenced Leslie to concurrent ten-year terms in prison and designated him a sexual predator.
 {¶ 4} In order to classify an individual as a sexual predator, a trial court must find, by clear and convincing evidence, that the individual has been convicted of or pled guilty to a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. State v. Eppinger, 91 Ohio St.3d 158, 163,2001-Ohio-247. A clear and convincing standard of proof "will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." Id. at 164. This standard requires more than a preponderance of the evidence, but less than the level of certainty required for proof beyond a reasonable doubt. Id.
 {¶ 5} Leslie does not dispute that he has been convicted of sexually oriented offenses. The only question is whether he is likely to engage in another sexually oriented offense. In determining the likelihood of recidivism, R.C. § 2950.09(B)(2) obligates a trial court to consider the factors set forth in paragraphs (a) through (j) therein.[1] Those factors are only potentially relevant. State v.Thompson, 92 Ohio St.3d 584, 2001-Ohio-1288. Some may not be applicable in a given case, and "the judge has the discretion to determine what weight, if any, he or she will assign to each guideline." Id. at 589. Because the "guidelines do not control a judge's discretion," a factor irrelevant to a particular offender is entitled to no weight. Id. at 587. During a sexual predator hearing, a trial court should consider the statutory factors, and any other relevant considerations, and "discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism."Eppinger, 91 Ohio St.3d at 166. A primary objective of a sexual predator hearing is to ensure that an adequate record exists for meaningful appellate review. Id. at 166-167.
 {¶ 6} At Leslie's sexual predator hearing, the trial court considered a pre-sentence investigation report and a psychologist's evaluation. The trial court then heard argument from counsel regarding the applicable factors and made the following findings:
 {¶ 7} "Okay. I have read the evaluation by Dr. Payne. I have read the pre-sentence investigation and have heard the arguments of counsel, and I make the following findings.
 {¶ 8} "That the Defendant shows no remorse.
 {¶ 9} "That the Defendant falsely accused another person of his crimes.
 {¶ 10} "That the Defendant was between thirty-two and thirty-five years old at the time of the offenses.
 {¶ 11} "That the Defendant had no prior criminal record.
 {¶ 12} "That the victims were between the years of six and twelve years of age.
 {¶ 13} "That the Defendant had oral sex with an eight-year-old step-daughter, progressing to sexual intercourse between ten to twelve years old, and had oral and full blown anal sex with his son beginning at six years old.
 {¶ 14} "I find that the offenses included multiple victims.
 {¶ 15} "I find that the Defendant showed his step-daughter adult sex films as part of the pattern of abuse.
 {¶ 16} "I find the Defendant is not mentally ill, any more than described by the psychological evaluation of Doctor Payne. And he does have some mental defects, but is not suffering from a severe mental incapacity that would cause him to not know the difference between right and wrong.
 {¶ 17} "I find that the sexual conduct was part of a pattern of abuse.
 {¶ 18} "I find by clear and convincing evidence that the Defendant is likely to engage in the future in one or more sexually oriented offenses and shall therefore be and is classified as a sexual predator." Sentencing Transcript at 7.
 {¶ 19} In his first assignment of error, Leslie asserts that the trial court had insufficient evidence to designate him a sexual predator. More specifically, he argues that the trial court failed to discuss the evidence and factors it relied upon and that the pertinent factors do not support a sexual predator designation. Upon review, we find this assignment of error to be unpersuasive. The trial court plainly indicated that it had reviewed the pre-sentence investigation report and a psychological evaluation prepared by Leslie's own expert, Dr. Ty Payne. Additionally, as set forth above, the trial court made findings that correspond to some of the factors contained in R.C. §2950.09(B)(2). The trial court also cited other non-statutory factors that it found to be relevant. As a result, we find no merit in Leslie's suggestion that the trial court failed to identify the evidence and factors upon which it relied.
 {¶ 20} In addition, we reject Leslie's challenge to the sufficiency of the evidence to support his sexual predator designation. Although the trial court cited a number of considerations, it appears to have been particularly troubled by the fact that Leslie engaged in numerous and varied acts of sexual abuse involving multiple young victims over a period of several years.[2] This pattern of sexual abuse is detailed in the pre-sentence investigation report, and we harbor no doubt that it is legally sufficient to support a sexual predator designation. Accordingly, we overrule Leslie's first assignment of error.
 {¶ 21} We also find no merit in Leslie's second assignment of error, which raises a manifest-weight-of-the-evidence challenge to the sexual predator designation. In support of this argument, Leslie merely incorporates by reference the arguments raised in his first assignment of error. After conducting the appropriate review, however, we cannot say that the trial court clearly lost its way and created a manifest miscarriage of justice when it designated Leslie a sexual predator. Although some of the factors contained in R.C. § 2950.09(B)(2) do not apply, the trial court identified others that are applicable to Leslie. Most notably, the trial court found that he had engaged in a long-term pattern of sexual abuse of multiple young children. In light of these findings, his sexual predator designation is supported by clear and convincing evidence and is not against the manifest weight of the evidence. Cf. State v. Clifford, Clark App. No. 2002-CA-58, 2003-Ohio-901 ("The record fully supports the trial court's determination that Clifford has an attraction for young children, has sexually abused two girls of tender age, and has engaged in a long-term course of sexually abusive conduct. Therefore, we conclude that his sexual predator designation is supported by clear and convincing evidence and is not against the manifest weight of the evidence."). Accordingly, Leslie's second assignment of error is overruled, and the judgment of the Miami County Court of Common Pleas is affirmed.
Judgment affirmed.
WOLFF, J., and GRADY, J., concur.
[1] The non-exclusive list of factors found in R.C. § 2950.09(B)(2) includes: (a) the offender's age; (b) the offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses; (c) the age of the victim of the sexually oriented offense for which sentence is to be imposed; (d) whether the sexually oriented offense for which sentence is to be imposed involved multiple victims; (e) whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting; (f) if the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders; (g) any mental illness or mental disability of the offender; (h) the nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; (i) whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty; and (j) any additional behavioral characteristics that contribute to the offender's conduct.
[2] In addition, we note that the psychological evaluation prepared by Dr. Payne states only that Leslie is not likely to re-offend with adults or people he does not know. According to Dr. Payne, "[i]f he re-offends, it is more likely to be in an environment well known to him, and with individuals of his acquaintance." See Defendant's Exhibit A at 6.